UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO 3:18-CV-407-CHB-CHL

**RICHARD WELLS,**     **Plaintiff,**

v.

**AARON SMITH, WARDEN,**     **Respondent.**

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and RECOMMENDATION

Petitioner Richard Wells ("Wells") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) ("2254 Petition"). This matter was referred to the undersigned "for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." (DN 7, at PageID #44.) Respondent Warden Aaron Smith ("Respondent") filed a response (DN 14) and Wells filed a reply. (DN 19). For the reasons set forth below, the undersigned **RECOMMENDS** that the habeas petition be **DENIED WITH PREJUDICE**.

### I. FINDINGS OF FACT

#### a. Trial Proceedings

On September 8, 2011, the Petitioner was indicted by the Jefferson County grand jury on two counts of robbery in the first degree and as a persistent felony offender in the first degree. (DN 14-3, at PageID #306-310; DN 1-3, at PageID #23.)

The Commonwealth offered that if Wells entered guilty pleas to the charges, the Commonwealth would recommend a sentence of twenty years for each of the robbery charges, enhanced to twenty-three years due to the PFO-1st conviction. (DN 1-3, at PageID #23; DN 14-3, at PageID #311-312.) The Commonwealth also agreed to recommend that the sentences be

served concurrently to each other, but that Wells would not be eligible for probation and that sentences would have to be served consecutively to any sentences for which Wells was on parole at the time he committed these offenses. (*Id.*) Wells moved to enter a guilty plea in accordance with the Commonwealth's offer. (DN 14-3, at PageID #313-314.)

A plea hearing was held on February 8, 2012. (DN 14, at PageID #63; DN 14-3, at PageID #315.) The state trial court found the plea to be voluntary. (DN 14, at PageID # 65.) Petitioner waived separate sentencing, and was sentenced to the recommended sentence. (DN 14, at PageID #65; DN 14-3, at PageID #316) On February 21, 2012, a final judgment of conviction was entered. (DN 14-3, at PageID #315-317.)

### b. Post Conviction Proceedings

State Collateral Attack Proceedings

Since the Petitioner entered an unconditional plea of guilty, there was no direct appeal of right. (DN 14, at PageID #65.)

On February 15, 2013 Wells moved for relief from the Jefferson Circuit Court's judgment pursuant to CR 60.02(e-f) alleging that he had been subjected to multiple prosecutions for the same offense. (DN 1-3, at PageID #23; DN 14-3, at PageID #322). On February 15, 2013, Wells filed a motion for an evidentiary hearing in support of his RCr 11.42 motion. (DN 1-3, at PageID #24; DN 14-3, at PageID #318.)

On January 4, 2014, Wells moved to hold the CR 60.02 motion in abeyance until he could file an RCr 11.42 motion alleging that he had received ineffective assistance of trial counsel. (DN 1-3, at PageID #24.) On March 4, 2014, Wells filed a *pro se* RCr 11.42 motion to vacate his sentence. (DN 1-3, at PageID #24; DN 14-3, at PageID #327-336.) Petitioner alleged that counsel

was ineffective for failing to investigate his mental state. (DN 14, at PageID # 66; DN 14-3, at PageID #329.) On September 15, 2014, the Jefferson Circuit Court denied Well's RCr 11.42 and CR 60.02 motions. (DN 1-3, at PageID #25; DN 14-3, at PageID #350-354.)

State Appellate Proceedings

On September 30, 2014, Petitioner filed a notice of appeal from the Jefferson Circuit Court's order as a matter of right. (DN 14-3, at PageID #355.) Petitioner perfected his appeal on February 19, 2016. (DN 14-3, at PageID #356.) On May 5, 2017, the Kentucky Court of Appeals affirmed the Jefferson Circuit Court's finding. (DN 14-3, at PageID #389.)

State Supreme Court

On May 31, 2017, Petitioner sought discretionary review from the Supreme Court of Kentucky. (DN 14-3, at PageID #397.)

On September 20, 2017, the Supreme Court of Kentucky issued an order denying discretionary review of the decision of the Court of Appeals. (DN 1-2, at PageID #21; DN 14-3, at PageID #409.)

Federal Court Proceedings

Wells filed his 2254 Petition on June 27, 2018. (DN 1.) In his Petition, Wells presents two grounds for relief. Wells claims that he had ineffective assistance of counsel for two reasons: first, due to his attorney's failure to divulge his mental status to the Court at the plea hearing or beforehand, and second, due to his attorney's failure to make the Court aware of medications Wells was taking at the time of the plea hearing or beforehand. (DN 1, at PageID #5-7.) Grounds three and four refer back to these two allegations. (DN 14, at PageID #68.)

On the Petition, ¶18 of AO 241 states "[i]f your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition." In response, Plaintiff wrote "none-compliance, none applicable." (DN 1, at PageID #13.)

## II.    CONCLUSIONS OF LAW

### a. Statute of Limitations

Habeas petitions submitted under 28 U.S.C. § 2254 are subject to a one-year statute of limitations defined by 28 U.S.C. § 2244(d)(1). Generally, § 2244(d)(1) provides that the limitations period shall start on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. §2244(d)(1)(A). If a petitioner does not seek certiorari in the Supreme Court of the United States, she must file her federal petition by a year and a day after the ninety-day period for filing for certiorari has expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (citing SUP. CT. R. 13.1).

Under more unusual circumstances, AEDPA allows that the limitations period will run from the latest of the occurrence of three other types of events: the removal of a State-imposed impediment to filing, the recognition of a new, retroactive Constitutional right, or the discovery of new evidence.  28 U.S.C. §§ 2244(d)(1)(B)-(D).  Regarding new evidence, the statute states that the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The statute of limitations can be tolled by the timely and proper filing of a state-court petition for collateral review: "[t]he time during which a properly-filed application for State post-

4

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A petition for State review will only toll a limitations period; it will not restart it if the time for filing in federal court has already expired: "The tolling provision does not revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The undersigned finds that Wells did not file his 2254 Petition in a timely manner. Petitioner was convicted by a state court judgment entered on February 21, 2012. (DN 14-3, at PageID #315.) According to Defendant's calculation, including the 30 days pursuant to RCr 12.04(3) and 90 days for the possible filing of a petition for a writ of certiorari, the latest finality date is June 20, 2012 which is 120 days after February 21, 2012. (DN 14, at PageID #74.) "[T]he one-year statute of limitations does not begin to run until all direct criminal appeals in the state systems are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari." *Robinson v. Sheldon,* 2015 WL 7428632 at *4 (N.D. Ohio October 20, 2015) citing *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

The Petitioner's first post-conviction motion was filed on February 15, 2013. (*Id.*) Thus, 240 days of the 365 days had elapsed at the time the first post-conviction motion was filed. (DN 14, at PageID #74.) The AEDPA statute of limitations was tolled during pendency of the state collateral review. 28 U.S.C. § 2244(d)(2).

5

The final resolution of Petitioner's post-conviction review ended on September 20, 2017 when the Supreme Court of Kentucky denied his motion for discretionary review. (DN 14, at PageID #74; DN 14-3, at PageID #409.) The instant petition was filed on June 27, 2018, such that another 280 days had elapsed between the Supreme Court of Kentucky's denial and the habeas petition. (*Id.*) Collectively, the total time elapsed amounts to 520 days which is beyond the AEDPA statute of limitations. (DN 14, at PageID #74.)

To be considered timely, Wells should have filed his petition by January 24, 2018. *Bronaugh,* 235 F.3d at 283-284. Based on the foregoing, the undersigned finds that Wells's 2254 Petition is not timely.

### b. Equitable Tolling

A petitioner who has missed his filing date under AEDPA's statute of limitations may request that the court forgive that error under the principle of equitable tolling. Equitable tolling is an extraordinary remedy that courts must apply "sparingly." *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). To earn equitable tolling, a petitioner bears the burden to prove that "'(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005)); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011); *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003).

Mental incompetence or incapacity may provide justification for equitable tolling if a petitioner can prove that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Mental illness, however, "is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*,

6

854 F.3d 846, 852 (6th Cir. 2017) (ruling that a diagnosis of psychotic disorder not otherwise specified coupled with a treatment plan were not sufficient to constitute an extraordinary circumstance).

Wells has not met his burden to demonstrate that he is entitled to equitable tolling of the federal habeas statute of limitations. Wells does not provide any evidence of mental incompetence that would have prevented him from filing for post-conviction relief. Wells does not make any claim that circumstances prevented him from making a timely filing. Since Wells is not entitled to equitable tolling, the undersigned finds that Wells's petition is untimely and will recommend the same be denied.

### c. Evidentiary Hearing

"Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting, in part, *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994)).

Wells does not allege sufficient grounds for relief and consequently, the undersigned concludes that no evidentiary hearing is warranted.

### d. Certificate of Appealability

The final question before the Court is whether Wells is entitled to a certificate of appealability pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may be issued to a habeas petitioner seeking to vacate his or her conviction only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For a petition dismissed for timeliness, a court must consider "whether reasonable jurists would find it debatable whether

it was correct in its procedural ruling, i.e., that the petition was untimely filed." *Cummings v. Yukins*, 61 Fed. App'x 188, 189 (6th Cir. 2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)).

The Court finds that Wells has failed to make the showing required to support the issuance of a certificate of appealability. That is, Wells has failed to demonstrate that reasonable jurists would find the untimeliness of his filing debatable.

Accordingly, the undersigned recommends that a certificate of appealability be denied.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Wells's habeas petition (DN 1) be **DENIED WITH PREJUDICE**, and that a Certificate of Appealability be **DENIED.**

cc: Counsel of record
    *Pro se* petitioner

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.*; *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); see also *Thomas v. Arn*, 474 U.S. 140 (1985).